[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contested dissolution action in which the parties disagree as to everything except for custody of the two minor children.
The court finds the jurisdictional requirements have been met, that the marriage has broken down irretrievably and a decree of dissolution may issue.
The custody of the two minor children is awarded to the plaintiff wife and the defendant is awarded reasonable visitation. The defendant has proposed that his visitation occur in Baltimore, Maryland where he presently resides. He further proposes that to save time, effort and expense, the plaintiff should drive the children to a service area on the New Jersey Turnpike where the defendant would pick them up. The same "transfer point" would be employed at the end of the visit.
The plaintiff objects to this arrangement. She feels it is an arduous task to undertake with two small children (One child will be three in May, the other will be five in June). The plaintiff also has concerns about the condition of her car and is not comfortable driving on these heavily travelled highways with very young children.
It is the conclusion of the court that the defendant's proposal is not practicable at this time because of the ages of the children. The court suggests the defendant consider visiting here in Connecticut. The plaintiff has indicated she would cooperate in effecting such visits. If the parties are unable to reach an agreement, the matter will be referred to the family relations office.
While the court is reluctant to discuss the details of this marital breakdown, the defendants perception that his wife, through the court, is "hammering" him should be addressed. It is the court's hope the defendant will take note of how his actions are judged by this neutral source. CT Page 2090
This defendant has apparently always done what he found attractive at the moment, and in fact, describes himself as "kind of impatient and kind of impulsive." Unfortunately, this describes precisely how he has acted. The responsibilities that come with marriage and fatherhood cannot be carried out impatiently and impulsively.
That the plaintiff tolerated his repeated forays into new locations, new jobs, new homes, and new ventures speaks of someone who was patient and sacrificing and who gave this marriage her best effort. The defendant does not see her actions in this light, and apparently does not see his own behavior as in any way unusual.
In formulating the financial awards which follow, the court has considered the requirements of Sections 46b-81, 46b-82 and46b-56 et als. of the Connecticut General Statutes.
It is ordered that:
1. The defendant is to pay as unallocated alimony and support the sum of $400. per week for a period of eight years or until the plaintiff's earlier remarriage. The plaintiff contemplates re-entering the employment market at which time a review of this award would be appropriate.
2. The plaintiff is awarded the 1987 Audi and the defendant the 1987 Toyota.
3. The defendant shall maintain health insurance for the benefit of the minor children and shall be responsible for all uncovered and unreimbursed medical and dental expenses until the plaintiff becomes employed full time, at which time, covered and unreimbursed expenses shall be split equally between the parties. The provisions of Section 46b-84 (c) shall apply to this order.
4. The defendant shall provide health insurance for the plaintiff until she returns to work and has medical and dental insurance available to her or for three years, whichever is earlier.
5. The defendant shall maintain no less than $50,000. worth of life insurance on his life for the benefit of each of the minor children for so long as the defendant shall be responsible for child support or arrearage.
6. By way of a property settlement, the proceeds of the sale of the jointly owned real estate presently held in escrow shall be distributed as follows: CT Page 2091
 a. To the defendant, the sum of $16,500.;
b. To the plaintiff, $42,820.83;
 c. Any accumulated interest on this total sum of $59,320.83 shall be distributed equally to the parties.
The court has decided on this distribution for these reasons. If the defendant's proposal to pay all bills and split the balance equally were adopted, $33,000. would go toward the capital gains taxes due. The defendant's stated business debts would swallow the remaining sum and the parties would have nothing. The plaintiff proposes she receive the entire sum, enabling her to buy a house and avoid paying a capital gains tax of $16,500. This would leave the defendant with a $16,500. capital gains tax to pay.
Under the court's plan, the defendant would not be further burdened with debt as he can pay his portion of the capital gains tax. Instead of spending $16,500. to pay a tax and have nothing to show for it, the plaintiff should be able to provide the minor children with an appropriate residence.
Anthony V. DeMayo, Judge